UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN ALOYSIUS LOWERY,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SANTA CLARA, et al,<br><br>    Defendants. | Case No.: C 09-0229 PVT<br><br>**ORDER G**RANTING **D**EFENDANT **C**ITY OF **S**ANTA **C**LARA'S **M**OTION TO **D**ISMISS WITH **L**EAVE **F**OR **P**LAINTIFF TO **F**ILE AN **A**MENDED **C**OMPLAINT |

On February 9, 2009, Defendant City of Santa Clara filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (FRCP 12(b)(6)), Or in the Alternative, Motion for More Definitive Statement (FRCP 12(e)). Plaintiff filed responses on February 17, 2009, March 10, 2009, March 13, 2009, and March 19, 2009.[1] Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on all the briefs and arguments submitted, and the file herein,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED with leave for Plaintiff to file an amended complaint, both because it appears the court lacks subject matter jurisdiction, and because Plaintiff has failed to state a claim upon which relief can be granted.

---

[1] Plaintiff also filed a letter brief on April 7, 2009. However that letter that does not appear to be in response to Defendant's motion. It appears instead to be a response to the "Consent to Proceed Before a United States Magistrate Judge" which Defendant City of Santa Clara filed on March 11, 2009. Plaintiff appears to take issue with the wording of that document. However, it is the standard court-supplied form for consenting to Magistrate Judge jurisdiction, and it is the same as the form Plaintiff signed and filed herein on March 20, 2009. The court does not infer any arrogance or contempt on the part of either party who filed one of these court-supplied forms.

ORDER, *page 1*

Plaintiff shall file an amended complaint no later than May 8, 2009. Defendant shall have 20 days after Plaintiff files his amended complaint to file its response to the amended complaint.

## I. LEGAL STANDARDS ON MOTION TO DISMISS

### A. DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). District courts have a duty to determine whether subject matter jurisdiction exists, regardless of whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004); *see also,* FED.R.CIV.PRO. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

A plaintiff bears the burden to establish subject matter jurisdiction is proper. *See Kokkonen*, 511 U.S. at 377. This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also* FED.R.CIV.PRO. 8(a)(1) (requiring a complaint that initiates a lawsuit to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends").

There are two possible bases for subject-matter jurisdiction, which are contained in 28 U.S.C. sections 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, while Section 1332 provides for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes Section 1331 jurisdiction when he pleads a claim "arising under" the Constitution or laws of the United States. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). A plaintiff can invoke Section 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Ibid.*

In situations where a court has federal-question jurisdiction, it may also assert "supplemental" jurisdiction over any related state law claims. *See* 28 U.S.C § 1367(a).

### B. DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the

ORDER, *page 2*

sufficiency of the complaint. Dismissal is warranted where the complaint lacks a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

A complaint may also be dismissed where it presents a cognizable legal theory, but fails to plead facts essential to the statement of a claim under that theory. *Robertson*, 749 F.2d at 534. The Supreme Court has held that, while a complaint does not need detailed factual allegations:

> "[a] plaintiff's obligation to provide 'grounds' of his 'entitle(ment) to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ."

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

    **C.**    **LEAVE TO AMEND**

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). Before dismissing a *pro se* civil rights complaint for failure to state a claim, courts supply the plaintiff with a statement of the complaint's deficiencies. *See Karim-Panahi*, 839 F.2d at 623-24. Courts generally give a *pro se* litigant leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Ibid.*

**II.**    **DISCUSSION**

    **A.**    **PLAINTIFF'S ALLEGATIONS**

In his complaint,[2] Mr. Lowery alleges that he was contracted by Lt. Michael P. Lowery to transport certain "personal" goods, including weapons, from Santa Clara California to Pensacola, Florida, with delivery not later than January 16, 2009. He further alleges that Defendant City of

---

[2] On January 20, 2009, Plaintiff Kevin A. Lowery filed with the clerk of this court a letter addressed to "Your Honor, United States Federal Court, Civil, and U.S. Attorneys Office," along with a Civil Cover Sheet, and paid the civil action filing fee. The clerk of the court filed the letter in the court file and assigned this matter a civil case number. While it is not clear from the letter whether or not Mr. Lowery intended to initiate a civil lawsuit, given that he paid the fee to file a civil lawsuit and submitted a Civil Cover Sheet, the court will deem the letter of January 20, 2009 to be a civil complaint.

Santa Clara and all of its agents and resources "impeded and prevented" him from timely delivering the "military" goods in a "War time frame." Mr. Lowery completed delivery on January 19, 2009. Mr. Lowery does not state what specific actions by Defendant and its agents "impeded and prevented" him from timely delivering the goods.

In his prayer for relief, Mr. Lowery asks that the Defendants, whom he characterizes as "Traitors to the United States of America, its Constitution, and its People," be punished in un-calculable dollar amounts for "Civil disruption of Military transportation of goods necessary for the War Effort." Mr. Lowery also asks that Defendants be "tried separately and individually, as Traitors, under the Sedition Acts of the United States Constitution of America."[3]

### A. DISMISSAL IS WARRANTED BECAUSE THE COMPLAINT DOES NOT SHOW THAT THIS COURT HAS SUBJECT MATTER JURISDICTION

Plaintiff's complaint does not contain allegations sufficient to show this court has subject matter jurisdiction over his cause of action. The crux of Plaintiff's complaint is that Defendants interfered with his contract to transport certain goods and deliver them to Lt. Michael P. Lowery by January 16, 2009. Interference with contract is a state law cause of action. In order for this court to have subject matter jurisdiction over that cause of action, Plaintiff would have to either: 1) also allege a federal cause of action; or 2) show diversity of citizenship between him and Defendants. *See Arbaugh*, 546 U.S. at 513. From the face of Plaintiff's complaint, it is clear that no such diversity exists, because both Plaintiff and Defendant City of Santa Clara are citizens of California for purposes of diversity jurisdiction. Thus, this court only has jurisdiction over any state law cause of action if Plaintiff also states a claim under federal law.

To the extent Plaintiff is attempting to allege that Defendants violated any of his rights under the United States Constitution or a federal statute, he has not alleged in his complaint which of his constitutional or statutory rights were violated. Absent such an allegation,[4] the complaint fails to

---

[3] To the extent Plaintiff seeks to have criminal charges brought against Defendants, filing a civil action in district court is not the way to do so.

[4] In responding to Defendant's motion, Plaintiff has identified the Second and Fourth Amendments. However, until an amended complaint is filed alleging facts showing a deprivation of rights under either of those Amendments, subject matter jurisdiction is lacking.

establish federal question jurisdiction.  *See Arbaugh*, 546 U.S. at 513.

Because the facts alleged in Plaintiff's complaint do not show that this court has subject matter jurisdiction, the complaint must be dismissed.

   **B.** **DISMISSAL IS WARRANTED BECAUSE THE COMPLAINT DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

   **1.** **Plaintiff Fails to State a Claim under Federal Law**

On the Civil Cover Sheet Plaintiff filled out and filed, he indicates that he is filing under the "United States Constitution, Sedition Acts & Other Statutes as Mentioned." A private cause of action for violation of a federal constitutional or statutory right is generally cognizable under 42 U.S.C. § 1983. *See, e.g., Poppell v. City of San Diego*, 149 F.3d 951 (9th Cir. 1998). Section 1983 is "a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under Section 1983, a plaintiff must allege both: 1) the deprivation of a right secured by the federal Constitution or statutory law; and 2) that the deprivation was committed by a person acting under color of state law. *See ibid.,* citing *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, although Plaintiff indicates on the Civil Cover Sheet that he is filing under the United States Constitution, "Sedition Acts"[5] and "other statutes as mentioned," in his complaint he does not allege any facts showing that Defendants deprived him of any specific right secured by the federal Constitution or statutory laws. In responding to Defendant City of Santa Clara's motion to dismiss, Plaintiff noted that he intends to prove that Sergeant Ngyuen of the Santa Clara Police Department violated the Second and Fourth Amendments, and that Sergeant Ngyuen and others, with full knowledge and concurrence of the Chief of Police and the City of Santa Clara's City Manager, are guilty of: 1) "obstructing the safe passage of Military goods, during War Time"; 2) "impedance of transport, both interstate, and intrastate, of the same Military goods"; and 3) "continu[ing] the harassment of Federal witnesses in this case." However, even if these conclusory allegations were

---

[5]  What Plaintiff is referring to as "Sedition Acts" is unclear. The Sedition Act of 1798 (1 Stat. 596) expired by its own terms in 1801. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 276 (1964). The Sedition Act of 1918 (40 Stat. 553) was repealed by Congress in 1921. *See* Act of Mar. 3, 1921, 41 Stat. 1359-60. And while the Uniform Code of Military Justice includes a provision dealing with sedition, that provision applies only in the context of a court-martial. *See* 10 U.S.C. § 894.

added to Plaintiff's original complaint, the complaint would still lack sufficient facts to show that Defendants deprived him of a right secured by the federal Constitution or statutory laws.

For example, in responding to Defendant's motion, Plaintiff cites the Fourth Amendment as one of his constitutional rights he claims Defendants violated. The Fourth Amendment provides:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Here, Plaintiff has not alleged any specific *facts* that would support a claim that his person, house, papers or effects were subjected to any unreasonable search or seizure. Plaintiff alleges that Defendants "impeded" him from transporting certain goods. But he does not allege what Defendants *did* that somehow impeded him from transporting the goods. As to his assertion that Defendants violated his Fourth Amendment rights, he fails to allege whether he, his vehicle, and/or the goods he was transporting, were searched and/or seized, and if so, what facts show that any such search or seizure was "unreasonable." In his amended complaint, for each Constitutional or statutory right that Plaintiff claims Defendants violated, Plaintiff must allege *facts* that are sufficient to "raise a right to relief above the speculative level."[6] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555.

### 2.   Plaintiff Fails to State a Claim under State Law

To the extent Plaintiff seeks damages based on Defendant's interference with his contract with Lt. Michael P. Lowery, Plaintiff fails to allege all of the elements for a state law cause of action for either intentional interference with contract or negligent interference with economic advantage.

To state a claim for intentional interference with contract under California law, a plaintiff must plead: 1) a valid contract between plaintiff and a third party; 2) the defendant's knowledge of the contract; 3) intentional acts by the defendant designed to induce a breach or disruption of the

---

[6] In his response filed March 13, 2009, Plaintiff describes specific facts, and submits evidence, regarding events that occurred on March 10, 2009 – the issuance by a Santa Clara police officer to Plaintiff of a misdemeanor citation for "storage of commercial vehicles." While Plaintiff's statement of facts in his March 13th response is the type of specific allegation of facts required in a complaint, the events of March 10, 2009 are not the subject of Plaintiff's original complaint. It is unclear whether Plaintiff is seeking to add this allegation to his complaint. If so, he may include this allegation in his amended complaint. The court does not at this time express any opinion regarding the sufficiency of such an allegation to state a claim upon which relief may be granted in this court.

contractual relationship; 4) actual breach or disruption of the contractual relationship; and 5) resulting damage. *See Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990). The elements of a cause of action for negligent interference with economic advantage are the same as above, except that the plaintiff must allege a duty of care and negligent breach of that duty, rather than intent. *See J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 803-804 (1979).

As to both causes of action, "a plaintiff seeking to recover for alleged interference with prospective economic relations has the burden of pleading and proving that the defendant's interference was wrongful 'by some measure beyond the fact of the interference itself.'" *See Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 392-393 (1995).

In the present case, even construing the complaint liberally and affording Plaintiff the benefit of the doubt, Plaintiff has alleged no more than the "fact of the interference itself."

### IV.   CONCLUSION

Dismissal of Plaintiff's case is warranted both because he has not shown that this court has subject matter jurisdiction, and because he has not stated any claim upon which relief can be granted. However, Plaintiff is granted leave to file an amended complaint.[7] Any such amended complaint must be filed by May 8, 2009, and must comply with both the Federal Rules of Civil Procedure and this court's Civil Local Rules.[8] *See* Civil Local Rule 3-9(a).

Dated: *4/10/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[7] Unless counsel is retained, Plaintiff may only represent himself in this action. If any of the other individuals listed in Plaintiff's March 19, 2009 memorandum wish to become additional plaintiffs in this action, they must either sign the amended complaint and represent themselves *pro se* (*see* CIVIL LOCAL RULE 3-9(a)), or else retain an attorney to represent them. With regard to Plaintiff's corporation, Lowery Engineering Construction, Inc., it may appear *only* through counsel. *See* CIVIL LOCAL RULE 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court").

[8] This court's Civil Local Rules are available from the clerk of the court, or by clicking on the "Rules" link in the list on the left hand side of the court's website (www.cand.uscourts.gov). A Handbook for Litigants Without a Lawyer is also available from the clerk of the court, or by clicking on the "Pro Se Handbook" link in the list on the right hand side of the court's website.

1
2 *Counsel automatically notified of this filing via the court's Electronic Case Filing system.*
3
4 <u>copies mailed on                    to:</u>
5 Kevin Aloysius Lowery
  2081 Bohannon Drive
6 Santa Clara, CA  95050
7
8                                         _____
                                          CORINNE LEW
                                          Courtroom Deputy
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28